851 F.2d 1500
 271 U.S.App.D.C. 273
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Jane DOE, Plaintiff-Appellant,
v.
The DISTRICT OF COLUMBIA, et al.
 No. 87-7182.
 United States Court of Appeals, District of Columbia Circuit.
 May 10, 1988.
 
 Before RUTH BADER GINSBURG, D.H. GINSBURG, and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and was briefed and argued by counsel for the parties. The court has determined that the disposition of this case occasions no need for a published opinion. See D.C.Cir.R. 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the district court's Order of August 22, 1986 from which this appeal has been taken be affirmed with respect to counts I and II of the complaint and vacated with respect to counts III-IV. It is further
 
 
 3
 ORDERED and ADJUDGED that count V be dismissed for plaintiff's failure to show subject matter jurisdiction. It is further
 
 
 4
 ORDERED and ADJUDGED that the district court's Order of August 3, 1987 be affirmed with respect to counts III, IV, and VI; these counts stand voluntarily dismissed in toto. It is
 
 
 5
 FURTHER ORDERED, by the Court, on its own motion, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15. This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 MEMORANDUM
 
 6
 Plaintiff-appellant Jane Doe, a mentally retarded adult, seeks review of district court orders dismissing her six-count complaint against the District of Columbia, several District officers named in their official capacities, and Edward Boyle James, to whose foster care the District had entrusted Jane Doe. In an August 22, 1986 order, the district court dismissed for failure to state a claim counts I and II, which alleged violations of the fifth and eighth amendments to the United States Constitution and advanced a claim under 42 U.S.C. Sec. 1983 based on those asserted violations. Count V, alleging assault and battery by James against Doe, was dismissed as untimely, the district court having concluded that the relevant limitations period had run. The remaining counts, III, IV and VI, alleged common law negligence and violation of rights secured by the Mentally Retarded Citizens Constitutional Rights and Dignity Act, D.C.Code Ann. Secs. 6-1901 et seq. (1981). Some District officials named in those counts were dismissed by the district court's August 22, 1986 order. Doe's motion for voluntary dismissal of the remaining claims was granted on August 3, 1987, following this court's decision in Long v. District of Columbia, 820 F.2d 409 (D.C.Cir.1987).[1]
 
 
 7
 We now affirm the district court's dismissal of counts I and II; the district court's August 22, 1986 order as it relates to counts III-VI is vacated. Count V, we rule, is properly dismissed, not as untimely, but for lack of subject matter jurisdiction. Given these dispositions of counts I, II, and V, the remaining counts resting on District of Columbia law, i.e., counts III, IV and VI, are most appropriately treated as voluntarily dismissed in toto.
 
 
 8
 The district court held that Doe failed to state an eighth amendment claim because "the proscription against cruel and unusual punishment ... was [not] designed to protect ... those confined in group homes for the mentally retarded." D.D.C. Memorandum at 2 (Aug. 22, 1986). We find it unnecessary, however, to reach that ultimate question, arguably left open by the Supreme Court in Ingraham v. Wright, 430 U.S. 651, 669 n. 37 (1977). We affirm on the less venturesome ground that Doe, although effectively charging neglect, carelessness or oversight, failed to allege that the District or its officials acted with "deliberate indifference" toward her, a necessary predicate of an eighth amendment claim under Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). See also Morgan v. District of Columbia, 824 F.2d 1049, 1057 (D.C.Cir.1987) ("[T]o constitute cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's safety; mere negligence will not suffice. Most often, 'deliberate indifference' is sufficient." (citations omitted)).
 
 
 9
 Doe's fifth amendment claim, like the eighth amendment claim, appears to be based on negligent conduct. The Supreme Court stated unmistakably in Daniels v. Williams, 474 U.S. 327 (1986), and Davidson v. Cannon, 474 U.S. 344 (1986), that simple negligence "does not implicate the Due Process Clause." Daniels, 474 U.S. at 334. The Court did not decide "whether something less than intentional conduct, such as recklessness or 'gross negligence,' is enough to trigger the protections of the Due Process Clause." Id. at 334 n. 3. Doe's claim, as pleaded, does not effectively allege culpable conduct on the part of District officials exceeding common law negligence; we therefore find no occasion, as the case is now postured, to explore the uncharted territory between negligence and intentional deprivation of constitutional rights.[2] Accordingly, we affirm the district court's dismissal of counts I and II.
 
 
 10
 Jane Doe's constitutional claims, we note, are dismissed with prejudice only insofar as they are predicated on conduct indicating simply neglect, carelessness or oversight. We do not decide whether plaintiff-appellant, should she bring to light further facets of defendants' conduct, might be able to state cognizable constitutional claims based, e.g., on recklessness and/or deliberate indifference.
 
 
 11
 The district court ruled that Doe's claim against defendant James alleging assault and battery was time-barred under D.C.Code Ann. Sec. 12-301(4) (1981). Examination of the pleadings, however, reveals an anterior, jurisdictional infirmity. Doe's Second Amended Complaint, Joint Appendix (J.A.) 7-16, alleges that "[a]t the time of the events giving rise to this complaint, plaintiff was a ward of the District of Columbia," J.A. 8; it identifies James as a citizen of the District of Columbia. J.A. 9. These allegations do not demonstrate diversity of citizenship between Doe and James. See Fed.R.Civ.P. 8(a)(1). Although pleadings may be amended to show jurisdiction, even on appeal, 28 U.S.C. Sec. 1653, we do not grant leave to amend in this case. Doe has not sought such leave, nor was counsel, at oral argument, able to satisfy the court that genuine diversity exists.[3]
 
 
 12
 In any event, successful amendment would not, without more, advance the cause of judicial economy. Pendent jurisdiction over the District-law claims against the District would remain unavailable under Long, supra, 820 F.2d at 416 ("[T]he District is not subject to pendent party jurisdiction in a case based on diversity."). Plaintiff's claims could be consolidated in a federal court action, therefore, only if the complaint stated viable constitutional (or other federal question) claims. The pleadings before us, we have already held, fall short of that mark. Moreover, we think the historic facts that are undisputed accord with Corporation Counsel's observation that the "District-law claim or claims constitute 'the real body' of this case to which the asserted federal claims are 'only an appendage.' " Brief for District Appellees at 29 (quoting United Mine Workers of America v. Gibbs, 383 U.S. 715, 727 (1966)). Thus, even if it were possible for Doe to state federal claims that could survive threshold dismissal, it would remain doubtful whether those claims would suffice to warrant the exercise of pendent jurisdiction over the more cogent District-law claims Doe presents. See id. at 726-27 ("Needless decisions of state law should be avoided.... [I]f it appears that the state issues substantially predominate ... the state claims may be dismissed without prejudice and left for resolution to state tribunals."). All potential claims arising out of the conduct about which Doe complains, on the other hand, may be brought before the District of Columbia courts.
 
 
 13
 In sum, we decline to set appellant on a course that offers slim prospect of eventual consolidation of all her claims in federal court. Thus we do not invite her to endeavor to establish diversity jurisdiction as to count V at this juncture, nor do we return the case to the district court for a fresh attempt to state tenable constitutional claims.
 
 
 14
 Doe does not seek reinstatement of the District-law claims voluntarily dismissed on August 3, 1987. We clarify the present posture of those claims: the district court's August 3, 1987 order, it appears to us, properly supersedes pro tanto that of August 22, 1986. To dispel any doubt on that score, we vacate the earlier order as to counts III, IV, and VI. All District-law claims and issues thus remain open for decision in the District's courts, including questions of sovereign immunity and amenability to suit of specified District officials.
 
 
 15
 For the reasons stated: (1) the district court's order of August 22, 1986 is affirmed as to the dismissal of counts I and II for failure to state a claim; (2) that order is vacated with respect to counts III-VI; (3) count V is dismissed for lack of subject matter jurisdiction; (4) counts III, IV, and VI are deemed voluntarily dismissed by plaintiff in toto and without prejudice to further proceedings in the District's courts.
 
 
 16
 * * *
 
 
 17
 * * *
 
 
 18
 We note that the tragic events underlying Jane Doe's complaint raise important issues of social policy and legal responsibility regarding the care of the mentally retarded. We therefore admonish plaintiff's counsel to seek association with counsel experienced in legal matters concerning the rights of the mentally retarded, e.g., The Mental Health Law Project, before renewing litigation relating to Jane Doe's placement in the James home.
 
 
 
 [1]
 Doe's Motion for Voluntary Dismissal, July 30, 1987, requested that the district court dismiss the "complaint." This was an evident slip of the pen. At oral argument of the appeal, on April 21, 1988, Corporation Counsel forthrightly stated her understanding that Doe's counsel had intended to obtain voluntary dismissal only of the counts then remaining, and not to foreclose appeal of the claims involuntarily dismissed by the district court's August 22, 1986 order. We comprehend the voluntary dismissal request, and the ensuing August 3, 1987 order in the same way
 
 
 [2]
 The Supreme Court will consider whether "reckless, willful and wanton, or grossly negligent misconduct of public officials [is] enough to trigger protections of [the] Due Process Clause" next Term in Deshaney v. Winnebago County Dep't of Social Services, 812 F.2d 298 (7th Cir.1987), cert. granted, 56 U.S.L.W. 3737 (U.S. Mar. 22, 1988) (No. 87-154)
 
 
 [3]
 It is a nice question whether a ward of the District of Columbia, apparently living in Maryland at the time the complaint was filed, is a citizen of Maryland for the purpose of diversity jurisdiction
 Because count V is dismissed for failure to establish subject matter jurisdiction, it will be open to Doe, should she proceed anew in the District's courts, to urge that her claim against James is not time-barred.